## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MINDEN PICTURES, INC.

                Plaintiff,

    v.

TRI- COUNTY TERMITE
AND PEST CONTROL, INC.

                Defendant.

**Case No.:**

### COMPLAINT AND JURY DEMAND

Plaintiff, Minden Pictures Inc., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.      Plaintiff Minden Pictures Inc. is a California Corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3.      Upon information and belief, defendant Tri- County Termite and Pest Control, Inc. ("Defendant") is a corporation duly organized and existing under the laws of New Jersey, with a principal place of business of 189 Delaware Ave., Carneys Point, NJ 08069.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

7.      Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions.  Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to National Geographic and are represented in collections by Nature Picture Library, National Geographic, Frank Lane Picture Agency, Nature in Stock, Buiten-beeld, Biosphoto, Birdimagency, Auscape, Hedgehog House, San Diego Zoo and amana.

8.      Plaintiff licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

9.      Plaintiff is the exclusive licensee of the photographic image attached hereto as Exhibit A (collectively, the "Copyrighted Work").

2

10.     The Copyrighted Work is an original work of authorship created by Michael Durham.

11.     Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work.

12.     On January 16, 2009, on behalf of Mr. Durham, Plaintiff obtained a registration with the United States Copyright Office for the photographic work entitled Michael Durham 2007 Photo Collection on Minden Pictures Website.  Attached hereto as Exhibit B is a copy of the certificate for Registration Number VA 1-700-975 obtained from the United States Copyright Office.

**B.      Defendant's Unlawful Activities**

13.     Plaintiff has discovered Defendant is and has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

14.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following website: at the following website:  http://www.tricountypestco.com.

15.     A screenshot of the infringing use is attached hereto as Exhibit C.

16.     Upon information and belief, Defendant knowingly altered and/or falsified copyright management information to conceal Defendant's infringement of Plaintiff's Copyrighted Work.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

17.     Plaintiff realleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

19.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

20.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing works.

21.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying Plaintiff's Copyrighted Work.

22.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

23.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

24.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

25.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

26.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

27.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

28.     Plaintiff realleges paragraphs 1 through 27 above and incorporates them by reference as if fully set forth herein.

29.     Defendant has, on information and belief, intentionally removed copyright management information included on Plaintiff's display and publication of the Copyrighted Work.

30.     Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

31.     Upon information and belief, Defendant provided and distributed false copyright management information on the infringing works in order to facilitate or conceal the infringement of Plaintiff's Copyrighted Work.

32.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

33.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

34.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

35.     At its election, and *in lieu* of Defendant's profits derived from violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

36.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work.

4.      A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

5.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived

by Defendant from its acts of copyright infringement and violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

7.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

8.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a)      directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

(b)      directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Work.

10.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

Dated: December 18, 2017

Respectfully submitted,

By: */s/R. Terry Parker*
RATH, YOUNG & PIGNATELLI, P.C.
R. Terry Parker (NJ Bar 033282008)
One Capital Plaza
PO BOX 1500
Concord NH 03302-1500
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures Inc.*

8